UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In Re:,

DONALD G. HUBER,

               Debtor.

MARK D. WALDRON, Trustee for the estate of Donald G. Huber,

               Plaintiff,

     v.

DONALD G. HUBER, et al.,

               Defendants.

CASE NO. C14-5083BHS

ORDER DENYING APPELLEE'S MOTION TO DIMISS

This matter comes before the Court on Appellee/Trustee Mark D. Waldron's ("Appellee") motion to dismiss appeal as untimely (Dkt. 4). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On February 10, 2011, Debtor Donald Huber filed a Chapter 11 voluntary petition. Bankruptcy Petition No. 11-41013-PBS, Western District of Washington Bankruptcy Court, Dkt. 1. On May 8, 2012, an adversarial proceeding was initiated by Mark Waldron, trustee for the estate of Mr. Huber ("Trustee"). Cause No. 12-04171-PBS, Western District of Washington Bankruptcy Court, Dkt. 1 ("Adv. Pro.").

ORDER - 1

On February 21, 2013, Defendants Constance Dreyer and Gary Dreyer ("Dreyers") filed a motion for summary judgment on the issue of whether the Trustee would acquire only an economic interest in certain LLC's instead of a controlling interest in those LLC's. *Id*., Dkt. 111.  On November 25, 2013, the Honorable Paul B. Snyder, United States Bankruptcy Judge, denied the Dreyers' motion concluding that the "Trustee succeeded to all of the Debtor's interests in [the LLC's], including management and voting rights . . . ." *Id*., Dkt. 183 at 11.

On December 13, 2013, the Trustee filed a motion for summary judgment "as to the issue of control and voting rights in [the LLCs]." *Id*., Dkt. 185 at 1.  The Trustee stated that, "[w]hile the Court's prior decision and Order denied the Motion for Summary Judgment filed by the Dreyers, the Court did not go so far as to enter an order granting summary judgment to the Trustee on the issue of control." *Id*. at 2.  On January 9, 2014, Judge Snyder granted the Trustee's motion. *Id*., Dkt. 190.

On January 21, 2014, the Dreyers appealed the order granting summary judgment to the Trustee. Dkt. 1.  On February 10, 2014, the Trustee filed a motion to dismiss the appeal as untimely. Dkt. 4.  On February 25, 2014, the Dreyers responded. Dkt. 5.  On February 28, 2014, the Trustee replied. Dkt. 7.

## II. DISCUSSION

To appeal from a bankruptcy order or judgment a party must timely file a notice of appeal within fourteen days of the entry of the order being appealed. Fed. R. Bank. P. 8002(a).  "The failure to timely file a notice of appeal is a jurisdictional defect barring

appellate review." *Wiersma v. Bank of West (In re Wiersma)*, 483 F.3d 933, 938 (9th Cir. 2007).

In this case, the Trustee's motion is frivolous and would essentially turn a shield of flexible finality rules into a sword of time barring appeals. The Trustee argues that Judge Snyder's denial of the Dreyers' motion for summary judgment "clearly resolved all pending issues between" the Dreyers and the Trustee. Dkt. 7 at 2. The Trustee, however, fails to recognize that there is a fundamental difference between denying requested relief and granting relief. When Judge Snyder entered the order granting the Trustee's motion for summary judgment, the Dreyers' substantive rights were determined. That order started the clock for this appeal. Holding that Judge Snyder's order denying summary judgment started the clock for an appeal would set forth an illogical and impractical rule. Therefore, the Court denies the Trustee's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Trustee's motion to dismiss (Dkt. 4) is **DENIED.**

Dated this 25th day of March, 2014.

BENJAMIN H. SETTLE
United States District Judge