1

2

3

4

5                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
6

7   In re:

8   DONALD G. HUBER,                      CASE NO. 14-5083BHS

9                      Debtor,            ORDER AFFIRMING
                                          BANKRUPTCY COURT
10

11  MARK D. WALDRON, Trustee for the
    estate of Donald G. Huber,
12
                      Plaintiff,
13
           v.
14
    DONALD G. HUBER, et al.,
15
                      Defendants.
16

17          This matter comes before the Court on Appellants Gary and Constance Dreyer and

18   the Dreyer Family Trust's (collectively, the "Dreyers") Appeal (Dkt. 1). The Court has

19   considered the pleadings filed in support of and in opposition to the appeal and the

20   remainder of the file and hereby affirms the bankruptcy court for the reasons stated

21   herein.

22

# I. PROCEDURAL HISTORY

On January 28, 2014, the Dreyers appealed a summary judgment ruling issued by the Honorable Paul B. Snyder, United States Bankruptcy Judge.  Dkt. 1.  On March 9, 2014, the Dreyers filed the opening brief.  Dkt. 9.  On May 9, 2014, Appellee Mark Waldron, trustee for the estate of Donald G. Huber ("Trustee"), responded.  Dkt. 10.  On May 23, 2014, the Dreyers replied.  Dkt. 11.

# II. FACTUAL BACKGROUND

The relevant facts are not disputed.  In this adversary proceeding, the Trustee sought to recover various assets Mr. Huber had transferred to a trust, the Huber Family Trust, pursuant to Bankruptcy Code § 548 (fraudulent transfers).   Among these assets was DGH, LLC ("DGH"), which was the majority owner (85%) of two limited liability companies, Kimball Center LLC ("Kimball") and Pioneer Plaza LLC ("Pioneer").  The Dreyers are minority owners (15%) of Kimball and Pioneer. The issue on appeal is whether, when the Trustee recovered DGH, it transferred the ownership to the Trustee pursuant to the Limited Liability Company Agreements of Kimball and Pioneer ("Operating Agreements").  If it was a transfer as defined in the Operating Agreements, then the Trustee was an assignee and lost DGH's voting rights in Kimball and Pioneer. On the other hand, the Trustee would maintain DGH's voting rights in Kimball and Pioneer.  Judge Snyder concluded that the Trustee maintained the membership status of DGH along with voting rights in Kimball and Pioneer.

## III. DISCUSSION

**A.    Standard**

The Court reviews the bankruptcy court's legal conclusions *de novo* and its factual determinations for clear error. *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1083 (9th Cir. 2004). In this case, the parties agree that relevant facts are undisputed and, therefore, the Court will review the disputed issue of law *de novo*.

**B.    Restrictions on Transfer**

In this case, the Court concludes that Judge Snyder's decision was correct. Essentially, if Kimball or Pioneer intended to restrict the ownership or membership status of DGH, then they could have written such a restriction into the Operating Agreements. *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 936 (9th Cir. 2002) ("Had the partners intended that the sale of stock of a corporate partner be restricted, such intent could easily have been stated."). Because the Operating Agreements are silent on this issue, the Court declines to rewrite the Operating Agreements to include the Dreyers' desired restrictions. Moreover, the Court declines to dissent from the majority rule that respects the corporate status of the upstream entity, DGH in this case, regardless of whether DGH is a single-member LLC or a multi-member LLC. An exception may be relevant in the event of impropriety, such as a subterfuge or a shell corporation. *Id*. at 937 ("Had the stock sale in this case been a sale to or by a shell entity, we would have a very different case."). The Dreyers, however, do not assert any allegations of impropriety in this case. In summary, the Operating Agreements restrict the transfer of DGH's interest in Kimball and Pioneer and do not restrict any member or ownership

1   interest in DGH.  Therefore, any transfer in the ownership of DGH, in this case to the

2   Trustee, does not implicate the Operating Agreements of Kimball and Pioneer, and the

3   bankruptcy court's decision is affirmed.

### IV. ORDER

5       Therefore, it is hereby **ORDERED** that the bankruptcy court decision is

6   **AFFIRMED**.

7       Dated this 10th day of July, 2014.

BENJAMIN H. SETTLE
United States District Judge